UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FORWARD FINANCING LLC,          )
    Plaintiff,                  )
                                )
        v.                      )
                                )
SANFORD SHUSTER, MAUREEN        )
SHUSTER, AND ARTHUR SHUSTER,    )   C.A. No. 16-10981-MLW
INC.,                           )
    Defendants.                 )
                                )
                                )

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 29, 2018

    Plaintiff Forward Financing, LLC alleges that it had a
contract with defendants by which plaintiff paid $100,000 to Arthur
Shuster, Inc. in exchange for fifteen percent of its daily receipts
until a total of $141,000 was collected by plaintiff. Plaintiff
asserts that approximately five weeks after entering the
agreement, defendants stopped making the required payments.
Plaintiff served defendants, who reside in Minnesota and
California, on June 25, 2016. However, defendants did not respond
to the complaint within 21 days as required under Federal Rule of
Civil Procedure 12(a)(1)(A)(i). On May 12, 2017, the clerk entered
default. Plaintiff has moved for default judgement.

    However, plaintiff's motion was not accompanied by a
memorandum of law, as required under Rule 7.1(b)(1) of the Local
Rules for the United States District Court for the District of

Massachusetts ("Local Rule 7.1"). In addition, the complaint does not "state a specific, cognizable claim" for the only count, fraudulent misrepresentation, as required under Federal Rule of Civil Procedure 8. See In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002). There are also no allegations or evidence that the court has personal jurisdiction over the defendant. Therefore, the motion is being denied without prejudice to reconsideration if the plaintiff submits a motion that complies with Local Rule 7.1.

A default constitutes an admission of all well-pleaded factual allegations in the complaint. See id. "Where a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object, the court has the discretion to order a default judgment without a hearing of any kind." The Home Restaurants, 285 F. 3d at 114. If and only if these conditions are satisfied, the court may award damages without a hearing when the appropriate amount is ascertainable from the pleadings and affidavits. See id. at 114-15 (holding that district court did not abuse its discretion by entering default judgment without first holding evidentiary hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default

2

judgment). Accordingly, on a motion for default judgment, it is appropriate to "examine [the] plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).

For a complaint to adequately "allege a cause of action," Ramos-Falcon, 301 F.3d at 2, it must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. of Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The plaintiff must include enough "well-pleaded...facts to state a claim for relief that is plausible on its face." Id. at 556, 570. These facts, if taken as true, must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Where a complaint pleads facts that are merely consistent with a defendants' liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

"Rule 9(b) requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting

3

fraud or mistake.' The plaintiff must "specifically plead the time, place, and content of [the] alleged false representation," Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 22 (1st Cir. 2017), meaning that the complaint must state the "who, what, when, where, and how of the alleged fraud." Hagerty ex rel. United States v. Cyberonics, Inc., 844 F.3d 26, 31 (1st Cir. 2016).

Rule 9(b) provides that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Nevertheless, as the Supreme Court explained in Iqbal, addressing the standard for pleading intent:

> It is true that Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.' But 'generally' is a relative term. In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid-though still operative-strictures of Rule 8.

556 U.S. at 687. Consistent with this statement, the First Circuit in Schatz held that to adequately plead a state of mind--such as "knowledge of [a statement's] falsity or reckless disregard for the truth"--the plaintiff "must still lay out enough facts from which" the state of mind "might reasonably be inferred." 669 F. 3d at 58.

In this case, the complaint alleges that "on May 13, 2015 Defendants Stanford Shuster and Maureen Shuster signed an

4

agreement to secure the payment of the sum of $100,000.00" in
exchange for "a security interest in Defendant Arthur Shuster,
Inc.'s future receipts" and an obligation "to pay Plaintiff fifteen
percent of [those] future receipts until a total of $141,000.00 is
collected by Plaintiff." Compl. at ¶¶4-6. The complaint alleges
that defendants "made regular payments between May 14, 2015 and
June 23, 2015." Compl. at ¶4, 7. The "Merchant Statement" attached
to plaintiff's affidavit in support of its motion for default
judgment shows that defendants made 26 payments of $1,175 each
after entering the agreement: one payment each day from the May 14
to June 23, 2015. See Colapietro Aff. Ex. 1. Plaintiff alleges
that after June 23, 2015, defendants stopped making payments. See
Compl. at ¶7.

These allegations do not state a claim for fraudulent
misrepresentation. The plaintiff's well-pled facts do not
reasonably support the conclusion that defendants "intentionally
misrepresented to plaintiff that they would honor the agreement
and repay plaintiff pursuant to the security agreement." Compl. at
¶14. Allegations of breach of contract, without more, do not state
a claim for fraud:

> The intention of the promisor not to perform an
> enforceable or unenforceable agreement cannot be
> established solely by proof of its nonperformance, nor
> does his failure to perform the agreement throw upon him
> the burden of showing that his nonperformance was due to
> reasons which operated after the agreement was entered
> into. The intention may be shown by any other evidence

> that sufficiently indicates its existence, as, for
> example, the certainty that he would not [have the] funds
> to carry out his promise.

Restatement (Second) of Torts §530, cmt. d (1977).

The Fourth Circuit applied this principle in <u>U.S. ex rel.</u>
<u>Wilson v. Kellogg Brown and Root, Inc.</u>, in which it affirmed
dismissal of a claim under the False Claim Act. 525 F. 3d 370, 373
(4th Cir. 2008)(Wilkinson, J.). Like a claim for common-law fraud,
a claim under the False Claims Act requires the defendant to have
made a statement the defendant knew was false. See <u>id.</u> at 376. As
in this case, the relators alleged that the defendant agreed to a
contract "even though it knew it would not, and later did not,
abide by [its] terms." <u>Id.</u> at 377. In support, they relied on the
fact that the defendant stopped performing its contractual
obligations three months after entering the contract. See <u>id.</u> at
379. The court, however, held that the amended complaint was
appropriately dismissed because the relators "failed to adequately
plead scienter;" the "only factual basis for [the defendant's]
purported intent" when it entered the contract "[was] conduct that
took place months afterwards." <u>Id.</u> Therefore, the allegations
attempted "to shoehorn what is, in essence, a breach of contract
action" into a fraud claim. <u>Id.</u> at 373. Similarly, in this case,
defendants' failure to make payments after June 23, 2015 after a
month of performance does not raise a plausible inference that

6

they intended to breach the contract when they signed it a month earlier.

The complaint also alleges that "since obtaining plaintiff's funds, defendants Sanford and Maureen Shuster have transferred certain personal assets into trust or to other individuals." Compl. at ¶15. However, there are myriad "natural" and "obvious alternative explanations" that the defendants would transfer personal assets. Twombly, 550 U.S. at 568-69. The allegation that defendants did so does not "nudge" the allegation of fraudulent intent "across the line from conceivable to plausible." Schatz, 669 F. 3d at 58.

Finally, and most significantly, the complaint does not plead facts sufficient to establish personal jurisdiction over defendants, and plaintiff has not furnished any evidence that such jurisdiction exists. As indicated earlier, the court can only enter a default judgment if it has jurisdiction over the parties. See The Home Restaurants, 285 F. 3d at 114; see also Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992) ("A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void."). The court always has a duty to determine whether jurisdiction exists and the authority to do so. See Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 175 n. 5 (1st Cir. 2016). It is particularly

appropriate that it do so _sua_ _sponte_ when the defendant has not appeared and the adversary system is not operating.

Plaintiff alleges that its principle place of business is in Boston, Massachusetts and that its members reside in the state. However, there is no allegation that defendants, who allegedly reside in St. Paul, Minnesota and La Jolla, California, negotiated or executed the contract in Massachusetts, sent payments to defendants' Massachusetts headquarters, or otherwise transacted any business in the state. See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F. 3d 28, 34-41 (1st Cir. 2016). Even if the contract did require payments to Massachusetts, this would not necessarily "represent a purposeful availment of the privilege of conducting activities in [Massachusetts], thereby invoking the benefits and protections of [its] laws and making the defendant[s'] involuntary presence before the state's courts foreseeable." Phillips Exeter Academy v. Howard Phillips Fund, 196 F. 3d 284, 291-92 (1st Cir. 1999); compare Baskin-Robbins, 825 F. 3d at 38-39. It also may be insufficient to satisfy the requirements of the Massachusetts long-arm statute. See Moelis v. Berkshire Life Ins. Co., 451 Mass. 483, 488-89 (2008); see also Clean Harbors Environmental Servs., Inc. v. Klondez Gold & Silver Mining Co., 2017 WL 2979115 (Mass. Super. Ct. 2017).

The failure to state a claim and the lack of evidence of personal jurisdiction are particularly concerning in view of the

fact that plaintiff has brought more than 60 cases in the District of Massachusetts against out-of-state defendants since February 2016, and in only a few do the defendants appear to have responded to the complaint.

The five other cases pending before this court,[1] which contain allegations similar to the other cases filed in the District of Massachusetts, all allege that that plaintiff made lump sum payments to defendants in exchange for a percentage of the defendants' future receipts. Each complaint alleges that the defendants made payments for one to three months, then stopped making payments. Where a claim of misrepresentation is alleged, the complaints do not allege sufficient facts to support an inference of fraudulent intent. See Lion Trans Corp. et al., C.A. No. 16-11972, Docket No. 1; Moss Supermarket LLC et al., C.A. No. 16-11804, Docket No. 1. The defendants have not responded to the complaint in at least four of the cases.[2] However, plaintiff has

---

[1] Boerson Farms, Inc. et al., C.A. No. 17-10808; Indian Lake Wholesale Bait, LLC et al., C.A. No. 17-cv-10265-MLW; Sirius Chemical Group, Inc., et al., C.A. No. 16-12211-MLW; Simmons Funeral Home et al., C.A. No. 17-10164; Lion Trans Corp. et al., C.A. No. 16-11972-MLW; Moss Supermarket LLC et al., C.A. No. 16-11804.

[2] The defendants in Sirius Chemical Group, Inc., et al., C.A. No. 16-12211, answered the complaint. They later filed a suggestion of bankruptcy. No filings have been made in the case since October 6, 2017.

not provided a factual basis for the exercise of personal jurisdiction in any of those four cases. In two of them, plaintiff failed to properly serve process. <u>See</u> <u>Lion Trans Corp. et al.</u>, C.A. No. 16-11972; <u>Moss Supermarket LLC et al.</u>, C.A. No. 16-11804.

Accordingly, the court is denying the motion for a default judgment without prejudice. A hearing shall be held to address the issues raised in this case and the five others pending before this court.

In view of the forgoing, it is hereby ORDERED that:

1.   The Motion for Default Judgment (Docket No. 11) is DENIED without prejudice.

2.   Plaintiff shall, by April 20, 2018, submit any motion for reconsideration, which shall comply with Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, and be accompanied by: (a) a memorandum of law addressing the issues raised in this Memorandum and Order; and (b) one or more affidavits and any evidence that the court has personal jurisdiction over the defendants.[3] If a motion for reconsideration is not timely filed, this case will be dismissed.

---

[3] If plaintiff asserts that the defendants consented to personal jurisdiction by prior agreement, it shall explain why that agreement is enforceable pursuant to the principles discussed, for example, in <u>Carter's of New Bedford, Inc. v. Nike, Inc.</u>, 790 F. 3d 289 (1st Cir. 2015); <u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575

3.    If necessary, hearing shall be held on May 14, 2018, at
3:00 p.m.


                                    UNITED STATES DISTRICT JUDGE

---

F. 3d 10 (1st Cir. 2009); and Grice v. VIM Holdings Group, LLC,
2017 WL 6210891 (D. Mass. 2017)(Young, D.J.).